■ COMMERCIAL TRADING COMPANY, INC., Appellant, v JACOB FREIDUS et al., Respondent. COMMERCIAL TRADING COMPANY, INC., Respondent, v JACOB FREIDUS, Defendant, and ELLA FREIDUS, Appellant. — Order of the Supreme Court, New York County, entered November 1, 1979 which denied plaintiff's motion against both defendants to dismiss their affirmative defenses of Statute of Limitations and payment in full and for summary judgment, unanimously modified, on the law, to grant the motion to the extent of dismissing the defenses of Statute of Limitations and otherwise affirmed, without costs. Order of the Supreme Court, New York County, entered April 28, 1980 appealed by defendant Ella Freidus dismissing her affirmative defense of lack of personal jurisdiction, unanimously affirmed, without costs. In May, 1972, plaintiff made a mortgage loan on premises 601 West 26th Street, New York City, to 601 West 26 Corp., of which defendant Jacob Freidus was sole stockholder. The loan was evidenced by a series of 200 promissory notes executed by the corporation. Said notes were payable weekly in successive, decreasing amounts. Each amount was comprised of principal in the sum of $1,000 plus interest at the rate of 14% per annum calculated on the progressively declining unpaid balance of the loan, with an acceleration clause in the event of default and counsel fees for collection. By agreement executed the same date as the loan, defendant Jacob Freidus and his wife, defendant Ella Freidus, guaranteed the payment of the loan. The guarantee provided that "601 [corporation] shall have the right to prepay the loan in whole or in part at any time. * * * Interest on the loan

shall be at the rate of 14% per annum on the unpaid balance thereof." The parties do not dispute that plaintiff received $95,000 on account of the $200,000 principal amount of said loan, in the following manner: $20,000 by the weekly payment of the first 20 notes and $75,000 cash on November 14, 1972. Accordingly, claims plaintiff, there still is a principal balance of $105,000 due on said loan (with interest at 2% per month, the agreed rate of interest in event of default) and attorneys' fees for collection. Defenses of Statute of Limitations: The action, based upon defendants' contractual guarantee of payment and commenced in April, 1979 as to defendant Ella Freidus and May, 1979 as to defendant Jacob Freidus, was timely (CPLR 213). It was instituted within six years of the default in payment on Note No. 96, due March 28, 1974. Plaintiff properly applied the $75,000 payment received November 14, 1972 to the "front-end" of the loan balance, so as to predicate defendants' default upon Note No. 96. We do not agree with defendants that said payment should, instead, be applied to the "back-end" of the loan balance, so as to make Note No. 21, due October 19, 1972, the critical one, which would permit the Statute of Limitations to be a bar to the action. The written agreement is clear and unambiguous. Its interpretation presents solely a matter of law *(General Phoenix Corp. v Cabot,* 300 NY 87, 92). We find that the prepayment provision was intended to afford the obligor an opportunity to make early payment in order to save as much interest as possible. The earlier notes carried the greater amount of interest. By applying the $75,000 prepayment to the "front-end" rather than the "back-end" of the loan balance, the greatest possible interest saving resulted. Defenses of payment in full: Both sides have presented a maze of figures, ledgers and schedules relating to this and other loans. There is no disagreement that this loan was in the sum of $200,000 and that, as earlier stated, $95,000 was paid thereon. Plaintiff contends that was all that was paid, leaving a balance of $105,000 still due. Defendants claim, however, that in addition to the $95,000, plaintiff received $105,252.80 by the liquidation of certain collateral security (in amounts of $93,352.80 and $11,900, respectively) held by plaintiff, that plaintiff was obligated to apply the $105,252.80 to the balance owing on the $200,000 loan and, accordingly, that the $200,000 loan was paid in full. Plaintiff, on the other hand, points to a collateral security agreement executed by defendants in favor of plaintiff on the same day as the $200,000 loan guarantee agreement, by which collateral security agreement defendants authorized plaintiff to apply any item of such collateral security "on account of the breach [by defendants] of *any* * * * loan or guarantee" (emphasis added). Plaintiff maintains that there was $75,166.11 owing to plaintiff on other obligations and that plaintiff by this agreement was authorized to apply such sum towards payment of said other obligations. Therefore, plaintiff, claims, there was, at most, only $30,086.69 remaining to apply to this loan, thereby leaving a balance of $74,913.31 due from defendants on their guarantee of the $200,000 loan. Plaintiff requests at least partial summary judgment in the sum of $74,913.31, but in any event "no less than an immediate reference to determine the extent of its damages." A triable issue of fact is presented by the defenses of payment, defenses which appear legally sufficient. It is impossible, on this record, to determine what sum, if any, defendants owe plaintiff on defendants' guarantee agreement. Defense of lack of personal jurisdiction: We agree with the findings and recommendations contained in the report of the referee and conclude that the appeal of defendant Ella Freidus from the order confirming the referee's report and dismissing her defense of lack of personal juris-

diction is without merit. Concur — Birns, J. P., Sandler, Ross and Bloom, JJ.

(Republished)